IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EVODC, LLC d/b/a Evocative<br>f/k/a VPLS, Inc.<br>600 W. 7th Street, Suite 510<br>Los Angeles, CA 90017<br><br>    Plaintiff<br><br>    v.<br><br>RELIANT MANAGEMENT<br>CONSULTANT, L.L.C.<br><br>Serve:    Timothy J. Mummert<br>           Resident Agent<br>           7348 Ritchie Highway<br>           Glen Burnie, MD 21061<br><br>    Defendant | Case No. 1:23-cv-00678 |

## COMPLAINT

Plaintiff, EVODC, LLC d/b/a Evocative, f/k/a VPLS, Inc. ("Plaintiff"), in the above-entitled action, by and through its undersigned counsel, hereby demands judgment in the amounts set forth below against Defendant, RELIANT MANAGEMENT CONSULTANT, L.L.C. ("Defendant"), and as its Complaint states as follows:

### Parties, Jurisdiction & Venue

1. Plaintiff, EVODC, LLC, is a California limited liability company, owned and operated under the laws of the state of California in effect from time to time and has a principal place of business at 600 W. 7th Street, Suite 510, Los Angeles, California 90017. For purposes of subject-matter jurisdiction, Plaintiff is citizen of Delaware and California, which are the states of incorporation and the principal place of business, respectively, of Plaintiff's sole member,

{00168351 }

EVOPLS, Inc.

2. On information and belief, Defendant, RELIANT MANAGEMENT CONSULTANT, L.L.C., is a Maryland limited liability company, owned and operated under the laws of the state of Maryland, with its principal place of business at 26433 Meadow Road, Hollywood, Maryland 20636. For purposes of subject-matter jurisdiction, on information and belief, Defendant is a citizen of Maryland, where each of its members is domiciled.

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Defendant pursuant to VA. CODE § 8.01-328.1(A)(1) because Defendant transacts business in the Commonwealth. Specifically relevant to this proceeding, Defendant executed a settlement agreement that established that Virginia would have exclusive jurisdiction over any dispute arising therefrom.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this Court and executed a settlement agreement that established that this Court (or the Circuit Court for Fairfax County) would be the exclusive venues for any dispute arising therefrom.

**Facts Common to All Counts**

6. On or about March 15, 2022, Plaintiff initiated an arbitration proceeding against Defendant through the American Arbitration Association ("AAA") seeking to recover unpaid amounts owed on a series of Master Services Agreements, License Agreements, and Leases (the "Underlying Contracts").

7. On or about April 25, 2023, Plaintiff and Defendant entered into a Settlement

Agreement and Mutual Release (the "Agreement") to resolve the arbitration proceedings. A true and correct copy of the Agreement is appended hereto and marked as "Exhibit A."

8. Pursuant to the terms of the Agreement, Defendant would pay Plaintiff the sum of $77,000.00 via wire transfer on or before May 8, 2023. Exhibit A § 2.

9. In exchange, Plaintiff made a number of promises, including that it would release Defendant from liability under the Underlying Contracts. Exhibit A §§ 2-4.

10. The Agreement included a provision for the shifting of attorneys' fees and costs in the event of a dispute arising out of the Agreement:

> [E]ach Party acknowledges and agrees that, in the event of a dispute between them in connection with this Agreement that results in litigation, the prevailing Party shall be entitled to recover from the non-prevailing Party all its costs and expenses incurred in connection with the dispute, including, but not limited to, court costs and reasonable attorneys' fees.

Exhibit A § 6.

11. On April 28, 2023, Plaintiff's counsel provided Defendant's then-counsel with wiring instructions to make the settlement payment.

12. Defendant did not make the settlement payment on or before May 8, 2023.

13. On May 9, 2023, Plaintiff's counsel gave Defendant's then-counsel notice that the settlement payment had not been received as required by the Agreement.

14. On May 10, 2023, Defendant's then-counsel informed Plaintiff's counsel informed Plaintiff's counsel that the wire transfer had been initiated on May 8, 2023, with final approval for transfer on May 9, 2023.

15. On May 10, 2023, Plaintiff received a trial credit transfer of $0.01 from Defendant.

16. However, to date, Plaintiff has not received the remainder of the settlement amount.

17. Plaintiff has confirmed with its bank that there are no pending wire transfers and

that there have been no wire transfers or ACH transactions that were returned to the sender during the relevant time period.

18.     Plaintiff's counsel has reached out to Defendant's then-counsel repeatedly since May 8, 2023, including on May 8, 2023; May 9, 2023; May 10, 2023; May 11, 2023; May 12, 2023; May 15, 2023; May 16, 2023; and May 19, 2023. However, Defendant still has not made payment as required.

19.     Defendant's failure to pay the settlement sum on or before May 8, 2023 constitutes a material breach of the Agreement.

20.     Plaintiff has suffered damages in the amount of $76,999.99 as a result of Defendant's material breach.

21.     Plaintiff has incurred attorneys' fees and costs in attempting to collect the past due balance and is entitled to recovery of such attorneys' fees and costs under the Agreement.

## CAUSES OF ACTION

### COUNT I – Breach of Contract

22.     Marchuk incorporates by reference Paragraphs 1 through 11 of this Complaint as if fully set forth and restated herein.

23.     On or about April 25, 2023, Plaintiff and Defendant entered into a binding and enforceable settlement agreement, i.e., the Agreement, to resolve the parties' arbitration proceeding.

24.     Pursuant to the terms of the Agreement, Defendant was obligated to pay Plaintiff $77,000.00 via wire transfer on or before May 8, 2023.

25.     Plaintiff met all of its obligations under the Agreement.

26.     Defendant materially breached the Agreement by failing to transfer $77,000.00 to

Plaintiff via wire transfer on or before May 8, 2023.

27. Defendant's breach is without legal excuse.

28. As of the date of this filing, Defendant has only paid $0.01 of the settlement sum; $76,999.99 remains due and owing.

29. Plaintiff has suffered damages in the amount of $76,999.99 as a result of Defendant's material breach and failure to pay.

30. The Agreement contains a provision whereby the prevailing party in any litigation arising out of the Agreement is entitled to recover their reasonable attorneys' fees and costs associated with the collection of the balance due.

WHEREFORE, Plaintiff, EVODC, LLC, demands judgment against Defendant, RELIANT MANAGEMENT CONSULTANT, L.L.C., in an amount of $76,999.99, plus attorneys' fees, costs, and post-judgment interest.

Respectfully submitted,

Dated: May 24, 2023

**EVODC, LLC d/b/a EVOCATIVE f/k/a VPLS, INC.**

By Counsel:

/s/ Matthew E. Feinberg
Matthew E. Feinberg (Va. Bar No. 93283)
**PILIEROMAZZA PLLC**
1001 G Street, N.W., Suite 1100
Washington, D.C. 20001
Ph: (202) 857-1000
Fax: (202) 857-0200
mfeinberg@pilieromazza.com