# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "Agreement") is entered into as of this 25th day of April, 2023, by and between EVODC, LLC d/b/a Evocative f/k/a VPLS, Inc., located at 600 W. 7th St., Suite 510, Los Angeles, CA 90017 (hereinafter referred to as "Plaintiff", and Reliant Management Consultant, L.L.C., located at 26433 Meadow Road, Hollywood, MD 20636 (hereinafter referred to as "Defendant"). In this Agreement, Plaintiff and Defendant may be referred to individually as a "Party" or collectively as the "Parties."

**WHEREAS**, on March 15, 2022, Plaintiff filed a Statement of Claim, and on April 8, 2022, Plaintiff filed an Amended Statement of Claim, against Defendant before the American Arbitration Association, Arbitration Proceeding Number 01-22-00011019; the Amended Statement of Claim sets forth claims arising out of the Parties' business relationship in connection with a series of Master Services Agreements, License Agreements, and Leases, as more fully described therein (any and all such agreements and service orders issued pursuant thereto, the "Service Agreements"); and on October 7, 2022, Defendant filed an Answering Statement alleging that Plaintiff failed to provide bargained-for software and services and engaged in other wrongdoing, as more fully described therein (collectively, the "Litigation"); and

**WHEREAS**, pursuant to the terms of this Agreement, Plaintiff and Defendant have agreed to resolve all claims that were brought in the Litigation and all claims that could have been brought in the Litigation or in any other court or forum based on any conduct of the Parties or their employees, officers, independent contractors or agents, arising out of or relating to the subject matter of the Litigation.

**NOW, THEREFORE**, the Parties hereto, through their respective authorized signatories, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, agree as follows:

1. **Dismissal of Litigation with Prejudice.** Within five (5) days of the date of Plaintiff's receipt of the good funds representing the Settlement Sum described in Section 2 below (in full in immediately available funds), Plaintiff and Defendant shall file a Dismissal with Prejudice of all claims in the Litigation with the American Arbitration Association causing the Litigation to be settled, discontinued, and ended, with prejudice, and with each Party bearing its own costs and attorneys' fees.

2. **Settlement Sum.** In consideration of the mutual release and relinquishment of the respective legal rights and remedies that each Party has or might have against the other pursuant to, arising out of, and/or relating in any way to the Litigation, and in consideration of the releases set forth herein, Defendant shall pay Plaintiff the sum of Seventy-Seven Thousand Dollars ($77,000.00) (the "Settlement Sum") as full compensation of any and all amounts that any of the Parties may claim is due. Payment of the Settlement Sum shall be made via wire transfer (in immediately available funds) to PilieroMazza PLLC, 1001 G Street, N.W., Suite 1100, Washington, D.C. 20001, on or before May 8, 2023. Interest shall not accrue on the Settlement Sum. In advance of the date for completion of the wire transfer, Plaintiff or its

counsel will provide any documentation or information as may be reasonably requested by Defendant to complete the wire transfer, such as wire instructions (including, for example, bank name, account numbers, or routing numbers).

3. **Return of Property**. In addition to the above, subject to full payment of the Settlement Sum and strictly conditioned on Plaintiff's receipt thereof (in full in immediately available funds), and in partial consideration of such payment and the Defendant's release and relinquishment of claims pursuant to Section 4(b) hereof, Plaintiff will provide Defendant with reasonable access to collect the personal property (the "Designated Equipment"), which Defendant left in the premises occupied by Defendant subject to the Service Agreements that are the subject of the Litigation within 10 business days following receipt of the Settlement Sum (the end of such 10-day period, the "Outside Date"). For clarity, the parties hereby acknowledge that the Designated Equipment includes solely such property depicted in photo images attached to email correspondence sent by Plaintiff to Defendant, which, for purposes of clarity, is attached as Exhibit "A." Plaintiff will provide such access during reasonable business hours and Defendant shall coordinate with Plaintiff a time at which Defendant will collect the Designated Equipment during normal business hours on a date that is no later than the Outside Date. If the parties cannot coordinate a mutually agreeable time for Defendant to retrieve the Designated Equipment on or before the Outside Date, it is specifically understood that a mutually agreeable date beyond the Outside Date shall be permissible.

4. **Mutual Release**.

a. Subject to full payment of the Settlement Sum and strictly conditioned on Plaintiff's receipt thereof (in full in immediately available funds), Plaintiff, on behalf of itself, its representatives, agents, owners, members, managers, parent corporations, subsidiaries, shareholders, affiliates, officers, directors, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties ("Plaintiff Releasors") does hereby release, remise, and discharge Defendant as well as each of its representatives, agents, owners, members, managers, parent corporations, subsidiaries, shareholders, affiliates, officers, directors, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties (hereinafter "Defendant Released Parties") from any and all claims, demands, actions, obligations, debts, damages, attorneys' fees, costs, judgments, liens, causes of action, and/or liabilities, known or unknown, accrued or unaccrued, of any kind or nature, that it had, has, or may have against Defendant Released Parties arising out of or relating to the subject matter of the Litigation. Nothing in this Mutual Release or this Agreement shall be construed to release any Party of its obligations under this Agreement, affect the ability of any Party to enforce rights under this Agreement, or affect the ability of any Party to prosecute any claim based on any act or omission that occurs after the date hereof in connection with this Agreement.

b. Defendant, on behalf of itself, its representatives, agents, owners, members, managers, parent corporations, subsidiaries, shareholders, affiliates, officers, directors, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties ("Defendant Releasors") does hereby release, remise, and discharge Plaintiff as well as each of its representatives, agents, owners, members, managers, parent corporations, subsidiaries, shareholders, affiliates, officers, directors, insurers, employees, assigns, predecessors-in-interest, successors-in-interest, and sureties (hereinafter "Plaintiff Released Parties") from all claims,

demands, actions, obligations, debts, damages, attorneys' fees, costs, judgments, liens, causes of action, and/or liabilities, known or unknown, accrued or unaccrued, of any kind or nature, that it had, has, or may have against Plaintiff Released Parties arising out of or relating to the subject matter of the Litigation. Nothing in this Mutual Release or this Agreement shall be construed to release any Party of its obligations under this Agreement, affect the ability of any Party to enforce rights under this Agreement, or affect the ability of any Party to prosecute any claim based on any act or omission that occurs after the date hereof in connection with this Agreement.

5.  **No Admission of Liability.** The Parties acknowledge that this Agreement was agreed upon as a compromise and final settlement of disputed claims and that this Agreement is not, and may not be construed as, an admission by any Party, or its respective agents or representatives, of liability, wrongdoing, or a violation of any law. Each Party specifically disclaims and denies (a) any liability to the other Party and (b) engaging in any wrongful, tortious, or unlawful activity.

6.  **Attorneys' Fees and Costs.** Each Party to this Agreement shall bear its own attorneys' fees and costs arising out of or relating to the Litigation including the negotiation, preparation, and execution of this Agreement.

Notwithstanding the foregoing, each Party acknowledges and agrees that, in the event of a dispute between them in connection with this Agreement that results in litigation, the prevailing Party shall be entitled to recover from the non-prevailing Party all its costs and expenses incurred in connection with the dispute, including, but not limited to, court costs and reasonable attorneys' fees.

7.  **Successors and Assigns.** This Agreement is binding upon and shall accrue to the benefit of the Parties hereto and the successors-in-interest and assignees of the respective Parties.

8.  **Governing Law.** All other disputes, claims, questions, or disagreements between the Parties in connection with this Agreement shall be finally settled, governed, construed, and interpreted in accordance with the laws of the Commonwealth of Virginia without regard to its conflict of law principles that might refer the interpretation hereof to the laws of another state.

9.  **Entire Agreement; No Oral Modification.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made part of this Agreement. This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements, understandings, and arrangements, oral or written, between the Parties with respect to the subject matter herein. This Agreement may not be modified or amended except by written agreement, signed by both Parties.

10. **Confidentiality.** The Parties expressly understand and agree that:

    a.  This Agreement, its terms, and the negotiations leading to this Agreement shall be considered confidential and may not be disclosed to any third party

whatsoever (1) except as may be necessary and appropriate to enforce the terms of this Agreement; (2) except as may be necessary to the Parties' respective management, officers and board of directors, attorneys, accountants, financial advisors, insurers, auditors, tax preparers, and agents (in the case of any Party, collectively, the "Representatives"), as well as the Parties' lenders, stockholders, investors and their respective Representatives, all of whom will be informed of and agree to be bound by (or subject to) this confidentiality clause (or confidentiality obligations that are no less restrictive than those set forth herein); (3) except as required by any federal, state, or local governmental taxing or regulatory authority; (4) except as required by law, regulation, or order of court; and (5) in the case of Plaintiff, except to third parties in connection with a financing, sale or other type of strategic transaction.

    b. The Parties further agree that the Parties and their respective Representatives may only acknowledge, and then only in response to any inquiry by a third party not prompted by the Parties, that "the Parties have resolved the matter amicably" or "the case has been settled," or by other words that convey substantially the same meaning. Notwithstanding anything to the contrary, nothing in this paragraph shall be construed to prevent the Parties from including information regarding this settlement in any public filings that the Parties may be required to make pursuant to applicable law or regulation.

    c. The Parties understand and agree that any breach of this Section 10 shall be deemed to be a material breach of this Agreement.

    d. Notwithstanding anything contained herein to the contrary, Plaintiff's obligations under clauses (a) through (c) of this Section 10 shall be strictly conditioned on Plaintiff's receipt of the Settlement Sum in full in accordance with the terms hereof (for the avoidance of doubt, it being understood that Plaintiff shall have no obligation under clauses (a) through (c) of this Section 10 if Defendant fails to pay the Settlement Sum in full in accordance with the terms hereof).

    11. **Headings.**  The titles, captions, and headings of the various sections of this Agreement are merely for convenience of reference and have no substantive significance and do not define, limit, or describe the scope of this Agreement or the intent of any provision herein.

    12. **Ambiguities.**  The language of this Agreement shall be construed as a whole, according to its fair meaning and intendment, and not strictly for or against any Party, regardless of who drafted or was principally responsible for drafting the Agreement or any specific provision thereof. Each Party and/or counsel for each Party has reviewed and negotiated this Agreement, and it shall be deemed to have been drafted by all Parties, and no Party shall urge otherwise. Accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

    13. **Counterparts; Electronic Signatures.**  This Agreement may be executed and delivered in one or more counterparts, each of which will be deemed to be an original copy of this Agreement, and all of which, taken together, will be deemed to constitute the same agreement. Each counterpart shall be equally admissible in evidence. This Agreement and any document or schedule required hereby may be executed by signatures transmitted by facsimile,

email, or other electronic means that shall be considered legally binding for all purposes. This Agreement shall not take effect unless and until executed by all Parties hereto.

14. **Authority**. Each Party represents and warrants that it has the full corporate power and authority to enter into and execute this Agreement and to perform all obligations herein set forth. Each signatory to this Agreement who signs on behalf of a Party represents and warrants he or she has the authority to sign on behalf of that Party and to bind the individual/entity signed for and all predecessors and successors to the obligations contained herein.

15. **Severability**. If any term of this Agreement is determined by a court of competent jurisdiction to be illegal, otherwise invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term. If application of this Severability provision should materially and adversely affect the economic substance of the transactions contemplated hereby, the Party adversely impacted shall be entitled to seek a modification of the Agreement from the other Party, or, failing that, to terminate the Agreement upon thirty (30) days' written notice, provided the reason for the invalidity or unenforceability of a term is not due to serious misconduct by the Party seeking such modification or termination.

16. **Jurisdiction**. The Parties hereby expressly and irrevocably consent that any suit, action, or proceeding arising out of or related to this Agreement shall be brought in either the state courts serving Fairfax County, Virginia or the United States District Court for the Eastern District of Virginia (Alexandria Division).

17. **No Waiver**. Failure by any Party to enforce any provision of this Agreement shall not be construed to be a waiver of such provisions or their rights thereafter to enforce such provisions or any other provision. Any waiver of any kind by either Party hereto of any provision or condition of this Agreement must be by an instrument in writing and shall be effective only to the extent specifically set forth in such writing.

*[Remainder of page intentionally left blank; signature page to follow.]*

**IN WITNESS WHEREOF**, the Parties have, through their duly authorized representatives, executed this Settlement Agreement and Mutual Release as of the date first indicated above.

EVODC, LLC d/b/a Evocative f/k/a VPLS, Inc.

Date: 04/25/2023  By: _____
Savi Singh

Title: VP, Finance and Accounting

Reliant Management Consultant, L.L.C.

Date: _____  By: KYAW.RICHARD KAUNGSUET.C
Digitally signed by: KYAW.RICHARD KAUNGSUET.C
DN: CN = KYAW.RICHARD KAUNGSUET.C email = rkckyaw@reliantmanagementllc.com C = US O = RELIANT MANAGEMENT GROUP OU = MS
Date: 2023.04.25 08:20:57 -04'00'

Richard Kyaw

Title: President

{00163208 }   6

# EXHIBIT A







